IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE McATEER, #147346, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-230-WKW |
| | ) [WO] |
| | ) |
| BOB RILEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Roy Lee McAteer ["McAteer"], a state inmate confined in the Bibb County Correctional Facility, complains that the mental health treatment provided to him at the aforementioned facility is inadequate. McAteer also challenges the conditions of confinement to which he is currently subjected. The Bibb County Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.[1]

---

[1] Filed simultaneously with the plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee will be undertaken by the United States District Court for the Northern District of Alabama.

## DISCUSSION

A 42 U.S.C. § 1983 action "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The majority of the named defendants reside in the Northern District of Alabama. Although by virtue of their positions as Governor of the State of Alabama and Commissioner of the Alabama Department of Corrections defendants Riley and Allen reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defends suits in all federal courts of this state. It is likewise undisputed that the actions about which the plaintiff complains are occurring at a correctional facility located within the jurisdiction of the United States District Court for the Northern District of Alabama. Moreover, those individuals personally involved in the alleged constitutional violations are employed at this facility. Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the

convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before April 17, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

---

[2]In transferring the present case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 4th day of April, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE